UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| **Plaintiff,** | |
| v. | CIVIL ACTION NO. |
| **CHILDREN'S HEALTHCARE OF ATLANTA, INC.,** | |
| **Defendant.** | JURY TRIAL DEMAND |

# COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Najah Abdel-Hakim ("Abdel-Hakim"), who was adversely affected by the unlawful employment practices. The Equal Employment Opportunity Commission (the "EEOC") alleges that Defendant Children's Healthcare of Atlanta, Inc., ("Defendant"), discriminated against Abdel-Hakim in violation of the ADA when it failed to provide Abdel-Hakim with a reasonable accommodation, and rescinded its offer of employment to Abdel-Hakim because of her actual or perceived disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has conducted business in the State of Georgia and has continuously maintained at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## **ADMINISTRATIVE PROCEDURES**

7. More than thirty days prior to the institution of this lawsuit, Abdel-Hakim filed a Charge of Discrimination with the EEOC alleging violations of the ADA by Defendant.

8. On October 11, 2023, the EEOC issued a Letter of Determination finding reasonable cause to believe that the ADA had been violated and inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The EEOC engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. On December 8, 2023, the EEOC issued to Defendant a Notice of Failure of Conciliation advising Defendant that the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

12. Abdel-Hakim is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

13. Abdel-Hakim suffers from a severe egg allergy that substantially limits one or more major life activities, including but not limited to the normal functioning of her immune system.

14. In 2021, Abdel-Hakim applied for a Registration Associate position at Defendant's Cherokee Clinic in Canton, Georgia.

15. Defendant is a pediatric healthcare system located in Atlanta, Georgia.

16. The job duties of the Registration Associate position included checking patients in and out, scheduling appointments, taking inbound calls, and providing administrative support to clinicians.

17. On February 26, 2021, Defendant offered Abdel-Hakim the Registration Associate position with a start date of March 15, 2021.

18. In connection with the onboarding process for the Registration Associate position, Abdel-Hakim was informed that all employees were required to receive the flu vaccine.

19. Due to Abdel-Hakim's disability, Abdel-Hakim requested the accommodation of either an exception to the flu vaccine or an egg-free flu vaccine.

20. Due to Abdel-Hakim's disability, Abdel-Hakim had a history of requesting and receiving medical exemptions to the flu vaccine from her prior employers.

21. On March 1, 2021, Defendant requested that Abdel-Hakim submit medical documentation to support her accommodation request.

22. On March 2, 2021, Abdel-Hakim sent medical documentation to Defendant that supported her accommodation request.

23. On March 9, 2021, Abdel-Hakim informed Defendant that her medical provider approved an egg-free flu vaccine and that she was ready to proceed with the next steps in the onboarding process.

24. On March 11, 2021, Defendant informed Abdel-Hakim that the Registration Associate position had been filled by an internal candidate who had "no issue" receiving the flu vaccine.

25. Abdel-Hakim applied for two additional open positions with Defendant but was not interviewed or selected for either position.

26. Upon information and belief, the internal candidate hired for the Registration Associate position did not have a disability.

27. The unlawful employment practices complained of in paragraphs 12-26 were intentional.

28. The unlawful employment practices complained of in paragraphs 12-26 were done with malice and/or with reckless indifference to Abdel-Hakim's federally protected rights.

## STATEMENT OF CLAIMS

29. Since at least March 2021, Defendant has engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a), (b)(5)(A) & (B), and (d) by: (1) unlawfully denying Abdel-Hakim's request for a reasonable accommodation for her disability, (2) rescinding its offer of employment because of Abdel-Hakim's disability status, and (3) rescinding its offer of employment because Abdel-Hakim required an accommodation for her disability.

30. The EEOC realleges and incorporates by reference the allegations set forth in paragraphs 1 through 28 as if fully asserted herein.

### *Failure to Accommodate*

31. Abdel-Hakim timely identified and requested a reasonable accommodation that would have allowed her to perform the essential functions of the Registration Associate position.

32. Abdel-Hakim requested an exception to the flu vaccine, or an egg-free flu vaccine, as disability-based accommodations.

33. Abdel-Hakim's requested accommodations were reasonable.

34. Abdel-Hakim's requested accommodations would allow her to perform the essential functions of the Registration Associate position.

35. Defendant unreasonably denied Abdel-Hakim's requested accommodations.

36. Defendant failed to grant any alternative accommodation to Abdel-Hakim that would have allowed her to perform the essential functions of the Registration Associate position.

### *Disability Discrimination*

37. Defendant regarded Abdel-Hakim as having a disability by subjecting her to an adverse employment action – rescinding its offer of employment to Abdel-Hakim – because of her actual or perceived impairments related to her severe egg allergy, and/or because she required accommodation for her disability.

38. When rescinding Abdel-Hakim's offer of employment, Defendant stated its awareness of Abdel-Hakim's disability and request for an accommodation due to her severe egg allergy and stated, upon information and belief, that the position was given to a person without a disability who had "no issue" receiving the flu vaccine and did not request an accommodation.

39. Defendant rescinded its offer of employment to Abdel-Hakim because of her disability or, alternatively, because it regarded her as an individual with a disability.

40. Defendant rescinded its offer of employment to Abdel-Hakim because she requested an accommodation for her disability.

41. Defendant failed to hire Abdel-Hakim for the two additional positions she applied for because of her disability or, alternatively, because it regarded her as an individual with a disability.

42. Defendant failed to hire Abdel-Hakim for the two additional positions she applied for because she requested an accommodation for her disability.

43. The effect of the practices complained of above has been to deprive Abdel-Hakim of equal employment opportunities because of her disability or, alternatively, because it regarded her as an individual with a disability, and requested an accommodation for her disability.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of disability by denying reasonable accommodations to disabled employees; failing to hire applicants because of their disabilities or perceived disabilities; taking adverse employment actions against persons who require an accommodation for their disability and engaging in any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees with disabilities, including those who request reasonable accommodations in the workplace, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages, in an amount to be determined at trial, and prejudgment interest to Abdel-Hakim.

D. Order Defendant to make Abdel-Hakim whole, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices,

including but not limited to an offer of employment or front pay in lieu of such an offer.

E.   Order Defendant to make Abdel-Hakim whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including inconvenience, emotional pain and suffering, stress, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendant to pay Abdel-Hakim punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 12th day of September, 2024.

        KARLA GILBRIDE
        General Counsel

        CHRISTOPHER LAGE
        Deputy General Counsel

MARCUS G. KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Assistant Regional Attorney

ROBYN M. FLEGAL
Supervisory Trial Attorney

*/s/ Meeta Dama*
Trial Attorney
Georgia Bar No. 398137

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
meeta.dama@eeoc.gov
(470) 531-4852 (Telephone)
(470) 562-6905 (Facsimile)

11